IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES M. RAPER, JR.                                                                                    PETITIONER

v.                           Case No. 4:21-CV-166 BRW-JTK

THOMAS DEEN, PROSECUTING ATTORNEY
DRUG TASK FORCE FOR 10TH JUDICIAL DISTRICT                       RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Bill Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate

Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Introduction

Before the Court are the Petition and Amended Petition for Writ of Habeas Corpus filed by James Mathis Raper, Jr. pursuant to 28 U.S.C.§ 2254.[1] (Doc. Nos. 1 and 4) Because the record in this case conclusively shows Petitioner's claims are either not cognizable in a § 2254 habeas action or procedurally defaulted, the Court recommends the petition be denied and dismissed with prejudice. *See* Rule 4 of the Rules Governing Habeas Cases (requiring dismissal of a habeas petition on preliminary review if "it plainly appears from the petition . . . that the petitioner is not entitled to relief[.]").

---

[1]The court could not clearly decipher from the original petition whether Petitioner was properly bringing an action pursuant to Section 2254 as opposed to Section 2241. Although Petitioner is not physically confined, he remains "in custody" under his unexpired state court sentence. *See Maleng v. Cook*, 190 U.S. 488 (1989).

## Background[2]

In October 2017, Petitioner entered a negotiated plea of guilty, and the Bradley County Circuit Court placed him on ninety-six months (96) probation for delivery of a controlled substance. The prosecutor sought revocation in May 2019 but the Bradley County Circuit Court later granted the State's request to dismiss its revocation petition. In the Order, the Bradley County Circuit Court also denied as untimely Defendant's Motion to Overturn Plea, considered by the Court as a Rule 37 Petition.[3]

The Bradley County Circuit Court set another revocation hearing in November 2019 that resulted in modification of Petitioner's probation to include either inpatient drug treatment of ninety (90) days or entrance and completion in Drug Court if inpatient treatment was not feasible. Thereafter, on February 4, 2020, the prosecutor again sought to revoke Petitioner's probation, claiming Petitioner had committed a new felony (forgery) while on probation and had failed to pay other various fines, fees, and costs previously ordered by the Court. Due to the pandemic, the Court reset the hearing numerous times but the hearing took

---

[2]As done in *Raper v. Deen et al.*, Case No. 4:21-cv-97-DPM, the Court takes judicial notice of the public records in Raper's various state court proceedings, some open and some closed. A court "may take judicial notice of proceedings in other courts of record." *See Stutzka v. McCarvile*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); *see also Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996) (court may *sua sponte* take judicial notice of proceedings in other courts if they relate directly to the matters at issue). The information contained in this section was collected from the Arkansas Court Connect document information available for *State v. Raper*, Case No. 06CR-17-23, Bradley County Circuit Court. *See* https://caseinfo.arcourts.gov (last visited March 31, 2021).

[3]This Motion to Overturn Plea, considered by the Court as a Rule 37 Petition, is only mentioned in the Court's Order. There is no indication on the docket when it was filed or what was argued.

place on December 10, 2020. Petitioner entered a Plea Statement on that date where he acknowledged the State could meet its burden of proving him guilty. The Court thereafter ordered Petitioner to twelve (12) months in the Community Correction Center[4] (CCC) with an additional fifty-nine (59) months suspended imposition of sentence. The Bradley County Circuit Court filed an amended Order on January 26, 2021, ordering judicial transfer to the CCC and clarifying that Petitioner's suspended imposition of sentence of fifty-nine (59) months followed his release from CCC.

On January 27, 2021, the Bradley County Circuit Court issued a warrant for Petitioner's arrest for his failure to stay in contact with the Bradley County Sheriff's Department as required by the conditions of his release pending available CCC bed space. Petitioner filed the instant Petition for Writ of Habeas Corpus on March 1, 2021. The undersigned ordered Petitioner to supplement his petition on March 10, 2021, and Petitioner filed his Amended Petition on March 16, 2021. The undersigned located no pending state court appeals.

The petition is construed with the deference to which *pro se* litigants are entitled, *Haines v. Kerner*, 404 U.S. 519 (1972), and asserts several claims, including wrongful

---

[4]A CCC is a residential service facility. There are several in the state, and an offender with nonviolent or non-sex related offenses may be ordered to a CCC in one of three ways, drug court short-term treatment, probation plus, or judicial transfer. Both judicial transfer and probation plus can require incarceration at a CCC for a short period of time. *See* https://doc.arkansas.gov/community-correction/programs-services/ (last visited March 31, 2021).

prosecution, ineffective assistance of trial counsel, actual innocence[5], prosecutorial misconduct, and involuntary plea. Most of these challenges are to his underlying 2017 conviction and not the revocation actions taken most recently by the Bradley County Circuit Court. Specifically, Petitioner alleges (1) wrongful prosecution and arrest on numerous felonies, not for the purpose of justice, but to simply revoke probation and put him in jail for a crime he did not commit; (2) actual innocence because the prosecutor had no evidence to show he even knew what was going on or took part in a deal with a confidential informant; (3) while the arrest warrant indicated petitioner sold five hydrocodone pills to the confidential informant, the criminal indictment was modified to include distribution of LSD but later changed to a Class B felony back on the hydrocodone charge because the number of pills sold somehow increased at the state crime lab; (4) the presiding judge was appointed and had never presided over circuit court before and was either confused or misunderstood Petitioner's "plea," having to inquire of both the prosecutor and defense counsel what the appropriate sentence would be and falsely, along with the prosecutor, informing Petitioner he would still be able to vote; (5) unbeknownst to Petitioner, his attorney was going through a personal "rough patch" due to a divorce and drug use and the prosecutor, who Petitioner

---

[5]Actual innocence claims are not cognizable in Arkansas state habeas proceedings. *See Clay v. Kelley*, 2017 Ark. 294, at 3, 528 S.W.3d 836, 838 ("Claims of actual innocence, which are effectively challenges to the sufficiency of the evidence, are due-process claims that are not cognizable in habeas proceedings."). Instead, prisoners asserting the right to be released on a writ of habeas corpus on the ground of actual innocence must proceed under Act 170 of 2001, codified at Ark. Code Ann. § 16-112-201 to 208 (Repl. 2006), and the petition must be filed in the court in which the conviction was entered. *See* Ark. Code Ann. § 16-112-201(a) (Repl. 2006).

believes knew this information, took no steps to protect the dignity of the court and used defense counsel's circumstances to the State's benefit; and (6) Petitioner was allowed to meet with his lawyer one time before his "plea" and she left Bradley County after working there for at least fifteen years right after the conclusion of his case. Petitioner seeks his record and name cleared. He also seeks a letter of apology from the Office of the Bradley County Prosecutor and an investigation into other cases handled by his attorney during her "rough patch."

## Discussion

1. **Statute of Limitations**

To the extent Petitioner challenges the drug conviction, the matter is time barred. Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal and state prisoners generally have one year in which to file federal habeas petitions. For state prisoners, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner's guilty plea judgment was entered on October 23, 2017. In Arkansas, a criminal defendant generally has thirty days from "the date of entry of a judgment" in which to file an appeal. *See* Ark. R. App. P. — Crim. 2(a)(1). However, a criminal defendant has no right to appeal from a guilty plea unless it was a conditional guilty plea based on the denial of a myriad of factors not at play here. *See* Ark. R. App. P. — Crim. 1(a). Because

Petitioner entered an unconditional guilty plea, he could not appeal his conviction. The Eighth Circuit has held however that for finality purposes, a judgment becomes final when the time for seeking direct review expires and, in Arkansas, that is generally thirty (30) days after entry of the judgment. *Camacho v. Hobbs*, 774 F.3d 931 (8th Cir. 2015). Thus, Petitioner's time to file a federal habeas petition expired on November 23, 2018. He did not file this federal habeas petition until March 1, 2021, after the limitation period had expired.

    *A.    Procedural Default*

The Rule 37 petition did not toll any applicable time period because it was deemed untimely by the trial court's Order dated May 17, 2019.[6] *See* 28 U.S.C. § 2244(d)(2) (the statute of limitations is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review.") While it is not clear from the public records or the trial court's Order when Petitioner actually filed that Rule 37 petition, the trial court found it to be untimely and Petitioner did not appeal the finding. *See Walker v. Norris*, 436 F.3d 1026, 1031 (8th Cir. 2006) (only a properly-filed petition for state post-conviction relief is entitled to statutory tolling under § 24444(d)(2)); *see also Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (a state post-conviction petition rejected by the state court as untimely is not properly filed for purposes of section 2244(d)(2)). In any event, Petitioner had thirty days

---

[6]If a conviction is obtained on a plea of guilty in Arkansas, the time for filing a Rule 37 petition in the appropriate Arkansas circuit court is within ninety (90) days of entry of judgment. Ark. R. Crim. P. 37.2(c). Time limits established by Ark. R. Crim. P. 37.2 are jurisdictional, so unless Rule 37 relief is sought on a timely basis, both the state trial and appellate courts lack jurisdiction to grant post-conviction relief. *Holliday v. State*, 2013 Ark. 47, 2013 WL 485726 (2013); *Newton v. State*, 2014 Ark. 538, 543 S.W.3d 125 (2014).

from the date of the trial court's Order to appeal the denial of his Rule 37 petition to the highest state court; he failed to do so, and any claims presented in the Rule 37 petition are procedurally defaulted. *See Thomas v. Payne*, 960 F.3d 465, 473 (8th Cir. 2020) (petitioner's failure to appeal the Rule 37 court's ruling on his guilt-and-penalty ineffective-assistance claims resulted in procedural default).

Further, Petitioner has failed to "demonstrate cause for the default and actual prejudice as a result of [any] alleged violation of federal law, or demonstrated that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner makes no effort to establish cause for his procedural default. Moreover, because Petitioner failed to file a timely Rule 37 petition, *Martinez v. Ryan*, does not apply to his ineffective assistance of counsel claims or his claims of trial error. 566 U.S. 1 (2012); *see Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (declining to extend *Martinez* to reach any other claims of trial error other than ineffective assistance of trial counsel claims); *Berkley v. Myers*, 2021 WL 1115540, at *9 (W.D. Ark. March 4, 2021) (in addition to being waived by his voluntary and intelligent guilty pleas, petitioners ineffective assistance of counsel claims were inexcusably procedurally defaulted); *see also Bell v. Kelley*, 2018 WL 3653317, at *6 (E.D. Ark. June 29, 2018) ("because Bell failed to file a timely Rule 37 petition, *Martinez* does not apply to his ineffective assistance of counsel claim"). Alternatively, even if *Martinez* applies, Petitioner has failed to articulate a substantial ineffective assistance of trial counsel claim capable of excusing his procedural

default.

### B. *Actual Innocence*

Procedural default may also be excused by an actual-innocence claim. Petitioner vehemently claims he is actually innocent of the underlying drug charge and conviction. To the extent that a freestanding actual innocence claim[7] may be recognized in a habeas proceeding, *see Murray v. Carrier*, 477 U.S. 478, 496 (1986), a petitioner who can show actual innocence can get his constitutional claims considered on the merits even if he cannot show cause and prejudice by carrying an extraordinarily high burden of proof, requiring more convincing proof than the gateway standard of whether it is more likely than not that no reasonable jury would have found him guilty beyond a reasonable doubt. *See Jimerson v. Payne*, 957 F.3d 916, 929 (2020) (citing *Dansby v. Hobbs*, 766 F.3d at 816). "The allegations must be supported by 'new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Jimerson,* 957 F.3d at 929 (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner presented no evidence to support his claim of actual innocence.

### 2. **Revocation Proceedings**

To the extent Petitioner challenges the January 2021 revocation Order, Petitioner asserts he has been subject to wrongful prosecution and arrest on numerous felonies—not for

---

[7]*McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (affirming actual innocence exception may be invoked to overcome the AEDPA statute of limitations, but declining to decide whether it should be recognized as a freestanding claim).

9

the purpose of justice—but to simply revoke probation and put him in jail for a crime he did not commit. Nonetheless, Petitioner entered a guilty plea to the revocation as he did with the underlying drug offense.

Liberally construed, Petitioner alleges federal constitutional claims under § 1983, which grants Respondent Deen absolute immunity for his work as a prosecutor. *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006). Before initiating a § 1983 action asserting his wrongful arrest or prosecution, Petitioner must have his state court conviction "reversed, expunged, or called into question" by filing a direct appeal, a Rule 37 Petition for Post-Conviction Relief, or some other proper pleading in state court. *See Heck v. Humphrey*, 512 U.S. 477 (1994). If Petitioner obtains relief in state court, he may then file a § 1983 claim in federal court for damages. However, if Petitioner does not obtain relief, after exhausting all of his available state court remedies, he must file a § 2254 habeas action in federal court to challenge the legality of his state court conviction. If Plaintiff prevails in that habeas action, he can then file his § 1983 action to recover damages.

Here, Petitioner has yet to face prosecution for the new alleged offenses for which he stands accused and that resulted in the revocation of his probation. He must, should prosecution and conviction occur, pursue all state-court remedies before he seeks redress in this Court. Federal courts should decline jurisdiction over pretrial habeas petitions if the issues may be resolved by the state trial court or other state procedures are available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *see also Wingo v.*

*Ciccone*, 507 F.2d 354, 357 (8th Cir. 1974) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution."). Petitioner has not demonstrated that the existing state procedures are ineffective to protect his constitutional rights or that extraordinary circumstances exist warranting federal intervention with the state's pending judicial procedures.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus, Doc. No. 1, and Amended Petition for Writ of Habeas Corpus, Doc. No. 4, be denied and this habeas case be dismissed, with prejudice. IT IS FURTHER RECOMMENDED a certificate of appealability be denied pursuant to Rule 11 of the Rules Governing Section 2254 Cases.

IT IS SO ORDERED this 7th day of April, 2021.

_____
UNITED STATES MAGISTRATE JUDGE